J-S68003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHURON BARNELL PORTER, | |
| Appellant | No. 986 WDA 2015 |

Appeal from the PCRA Order April 20, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001703-1999

BEFORE:  SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 7, 2016**

Appellant, Shuron Barnell Porter, appeals *pro se* from the order denying his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The trial court summarized the underlying facts of this case as follows:

> On December 26, 1998 a man entered the zone one police station and approached Pittsburgh Police Officer J. Mook.  The man told Officer Mook that he lent his van to a black male in exchange for drugs and that the van had not been returned to him.  The man claimed he had seen the van parked nearby just before he came to the station.  The man gave Officer Mook a description of the van and Officer Mook went looking for it.

> Within five minutes of leaving the station Officer Mook discovered the van traveling on Manhattan Street.  Officer Mook turned behind the van, applied his overhead lights and stopped

---

[*]  Retired Senior Judge assigned to the Superior Court.

his vehicle behind the van. Officer Mook approached the driver's side of the van and explained to [Appellant], who was driving, and the passenger, the reason for his stopping the van. During the discussion, [Appellant] reached under his leg. Officer Mook told [Appellant] to keep his hands where he could see them. [Appellant] kept moving his hands and the officer repeated his instruction. However, based on [Appellant's] behavior Officer Mook radioed for backup. Officer O'Donnell arrived approximately two (2) minutes later. [Appellant] continued to move his hands and Officer Mook put his hands on his gun and pepper spray. As Officer O'Donnell exited his vehicle, Officer Mook signaled to him that there is a passenger in the van. Officer Mook opened the driver's side door. [Appellant] grabbed the door and slammed it shut. [Appellant] then started moving the van and moved several feet before stalling. As the van was moving, Officer Mook ran to his vehicle. However, when the van stalled [Appellant] jumped out of the van and fled on foot. Both Officer Mook and Officer O'Donnell pursued [Appellant] taking four (4) or five (5) steps before [Appellant] turned around and fired approximately eight (8) shots at them. Officer O'Donnell dove to the ground, covering his head while Officer Mook ran back to his vehicle and took cover in the back seat. [Appellant] then fled the scene. The Officers were unable to apprehend [Appellant] at that time. [Appellant] was eventually traced to a house on Milroy Street where he was apprehended on January 29, 1999. When [Appellant] was arrested, he had, concealed in his pocket, the same gun used to shoot at the officers.

Trial Court Opinion, 9/14/00, at 3-4 (citations omitted).

On March 5, 1999, Appellant was charged with two counts each of criminal attempt (homicide), aggravated assault, recklessly endangering another person, and violation of the Uniform Firearms Act. On January 13, 2000, a jury found Appellant guilty of all of the charges. On March 8, 2000, Appellant was sentenced to an aggregate term of incarceration of twenty-one to fifty years based on consecutive sentences of eight to twenty years of incarceration for the two counts of criminal attempt and of two and one-half

to five years of incarceration for the two counts of violation of the Uniform Firearms Act.

Appellant then timely appealed to this Court. On appeal, Appellant argued that the trial court erred when it incorrectly instructed the jury on the mental state required for criminal attempt and aggravated assault and when it sentenced him to two counts of violation of the Uniform Firearms Act for the same possessory conduct. On July 12, 2001, a panel of this Court agreed with Appellant that the trial court incorrectly instructed the jury on the mental state required for criminal attempt. Consequently, this Court vacated the sentence for the two counts of criminal attempt and remanded the case for retrial of those charges. However, we affirmed the convictions for the two counts of aggravated assault, two counts of recklessly endangering another person, and two counts of violation of the Uniform Firearms Act and ordered the trial court, on remand, to impose sentence upon those convictions. ***Commonwealth v. Porter***, 782 A.2d 1058, 705 WDA 2000 (Pa. Super. filed July 12, 2001) (unpublished memorandum).

The Commonwealth did not seek retrial on the criminal attempt charges, and formally moved to withdraw those charges, thus, leaving the trial court with only sentencing responsibilities upon remand. On October 15, 2001, Appellant was resentenced to an aggregate term of incarceration of twenty-one to fifty years based on consecutive sentences of eight to twenty years for the two counts of aggravated assault and of two and one-

half to five years for the two counts of violation of the Uniform Firearms Act. Appellant filed post-sentence motions, which the trial court denied.

Appellant then filed a direct appeal from the new judgment of sentence. On November 8, 2002, a panel of this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on September 3, 2003. *Commonwealth v. Porter*, 816 A.2d 333, 2097 WDA 2001 (Pa. Super. filed November 8, 2002) (unpublished memorandum), *appeal denied*, 831 A.2d 599 (Pa. 2003).

On June 8, 2004, Appellant filed his first PCRA petition. The PCRA court appointed counsel, who then filed a motion to withdraw and a *Turner/Finely*[1] no-merit letter on October 18, 2005. The PCRA court filed a notice of intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907 and permitted counsel to withdraw. Appellant filed a *pro se* response on December 22, 2005, and the PCRA court entered an order dismissing the PCRA petition on January 10, 2006. Appellant then appealed and, on July 11, 2007, a panel of this Court affirmed the order denying PCRA relief. *Commonwealth v. Porter*, 932 A.2d 261, 306 WDA 2006 (Pa. Super. filed July 11, 2007) (unpublished memorandum).

On February 26, 2008, Appellant filed, *pro se*, his second PCRA petition. The Commonwealth filed a response on March 31, 2008. On April

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

4, 2008, the PCRA court issued a notice of intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant filed a response to the Commonwealth's response and a response to the PCRA court's notice of intent to dismiss. On April 29, 2008, the PCRA court entered an order dismissing Appellant's second PCRA petition. Appellant filed a timely *pro se* appeal, which we dismissed on June 16, 2009, for failure to file a brief. Order, 6/16/09, at 1.

On February 11, 2015, Appellant filed, *pro se*, the instant PCRA petition, which is his third. On March 26, 2015, the PCRA court issued a notice of intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant filed a response on April 16, 2015. The PCRA court dismissed Appellant's PCRA petition on April 20, 2015. This timely appeal followed.[2]

Appellant presents the following issue for our review:

> 1. DID THE TRIAL/P.C.R.A. COURT COMMIT CLEAR ERROR IN IT'S REVIEW OF APPELLANT[']S ISSUE OF ILLEGAL AND

---

[2] We note that it appears Appellant's notice of appeal was docketed in the trial court on May 27, 2015, beyond the thirty-day appeal period from the April 20, 2015 order dismissing his PCRA petition. Pa.R.A.P. 105(b) and 903(a). However, our review of the certified record reflects that Appellant's notice of appeal was dated May 15, 2015, and was time stamped as having been received in the trial court on May 20, 2015. Moreover, the certified record contains an item of correspondence from the trial court's director of court records to Appellant stating, "This will acknowledge receipt of your Notice of Appeal filed on 5-20-15." Correspondence, 5/28/15, at 1 (Docket Entry 71). Therefore, we are satisfied that Appellant's appeal is timely filed on May 20, 2015.

UNCONSTITUTIONAL SENTENCE AND SHOULD THE ILLEGAL AND UNCONSTITUTIONAL SENTENCE BE VACATED AND THIS MATTER REMANDED FOR RE-SENTENCING ?

Appellant's Brief at 5.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and may not be ignored in order to reach the merits of the petition. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

---

[3] The exceptions to the timeliness requirement are:

(i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

- 7 -

Our review of the record reflects that, upon remand, the trial court imposed the instant judgment of sentence on October 15, 2001. This Court affirmed Appellant's judgment of sentence on November 8, 2002, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 3, 2003. Appellant did not seek review in the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on December 2, 2003, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Appellant did not file the instant PCRA petition until February 11, 2015. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). That burden necessarily entails an acknowledgment by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

To the extent that it may be alleged that Appellant has argued that his untimely petition meets all three of the timeliness exceptions due to the decision in **Alleyne v. United States**, 133 S.Ct. 2151, 2155 (2013), and various cases applying the decision in **Alleyne**, we observe that this attempt fails. With regard to the allegation that the failure to make an **Alleyne**-related claim earlier was the result of governmental interference under 42 Pa.C.S. § 9545(b)(1)(i), such claim may be summarily dismissed. "Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law." **Commonwealth v. Brandon**, 51 A.3d 231, 236 (Pa. Super. 2012) (quoting **Commonwealth v. Baldwin**, 789 A.2d 728, 731 (Pa. Super. 2001)). **Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that, for purposes of PCRA exceptions, "the sixty-day period begins to run upon the date of the underlying judicial decision."). **Alleyne** was available to all, including Appellant on the day it was decided, June 17, 2013. Our review of the certified record reflects that Appellant made no filings within sixty days of the decision in **Alleyne**. Furthermore, any allegation that a claim based on **Alleyne** could be made only after appellate courts applied **Alleyne** in subsequent legal decisions constitutes "governmental interference" lacks merit.

In addition, a claim that **Alleyne** and its progeny satisfy the after-discovered fact exception under 42 Pa.C.S. § 9545(b)(1)(ii) also lacks merit. A judicial opinion does not constitute after-discovered evidence for the

purposes of the PCRA time-bar. **Commonwealth v. Watts**, 23 A.3d 980, 986-987 (Pa. 2011); **see Cintora**, 69 A.3d at 763 ("[A] judicial opinion does not qualify as a previously unknown 'fact' capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA."). Therefore, this claim could not provide Appellant relief from the PCRA time bar.

Finally, to the extent Appellant argues that **Alleyne** and its various progeny may be characterized as an attempt to assert the "new constitutional right" exception to the PCRA time bar under 42 Pa.C.S. § 9545(b)(1)(iii), that claim fails as well. Recently, in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), the Pennsylvania Supreme Court addressed a situation in which the defendant raised an **Alleyne** claim in a timely PCRA petition but his judgment of sentence had become final prior to the **Alleyne** decision. The **Washington** Court stated:

> [A] new rule of law does not automatically render final, pre-existing sentences illegal. A finding of illegality concerning such sentences may be premised on such a rule only to the degree that the new rule applies retrospectively. In other words, if the rule simply does not pertain to a particular conviction or sentence, it cannot operate to render that conviction or sentence illegal.

> * * *

> [N]ew constitutional procedural rules generally pertain to future cases and matters that are pending on direct review at the time of the rule's announcement.

- 10 -

*Id*. at 814-815. *See also id*. at 815 (stating "if a new constitutional rule does not apply, it cannot render an otherwise final sentence illegal"). The *Washington* Court applied the retroactivity analysis delineated in *Teague v. Lane*, 489 U.S. 288 (1989) (plurality),[4] and determined the rule announced in *Alleyne* is not a substantive or watershed procedural rule that would warrant retroactive application. *Washington*. The Court held the defendant was not entitled to retroactive application of *Alleyne* because his judgment of sentence had become final before *Alleyne* was decided. *Id*. The *Washington* Court definitively held that "*Alleyne* does not apply retroactively to cases pending on collateral review." *Washington*, 142 A.3d at 820. Moreover, the Court declined to "recognize an independent state-level retroactivity jurisprudence grounded on fairness considerations." *Id*. at 819. In summary, *Washington* stands for the proposition that no *Alleyne* violation can occur where the defendant's sentence was imposed and became final before *Alleyne* was decided.

As previously noted, Appellant's judgment of sentence became final on December 2, 2003. *Alleyne* was decided on June 13, 2013. *Alleyne*, 133

---

[4] "Under the *Teague* framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review. A new rule applies retroactively in a [federal] collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (internal citations omitted).

S.Ct. at 2151. Appellant's judgment of sentence was finalized nearly ten years before **Alleyne** was decided. Therefore, Appellant does not qualify for the new constitutional right exception to the PCRA time bar under **Alleyne**.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/7/2016

- 12 -